1

2                    **UNITED STATES DISTRICT COURT**

3                           **DISTRICT OF NEVADA**

4                                    * * *

METROPOLITAN LIFE INSURANCE              )
5   COMPANY,                              )
                                          )
6              Plaintiff,                 )
                                          )        2:12-cv-00019-GMN -VCF
7   v.                                    )
                                          )        **O R D E R**
8   ELIZABETH ANN PESCO, *et al.,*        )
                                          )
9              Defendants.                )
    _____)

10          Before the court is plaintiff Metropolitan Life Insurance Company's Motion for Order Setting

11   Scheduling Conference.  (#18).

12   **Background**

13          Plaintiff filed its complaint in interpleader on January 5, 2012.  (#1).  On April 13, 2012, the

14   defendants filed an answer to the complaint (#14) and an ERRATA to their answer (#15).  On May 14,

15   2012, the parties filed a stipulation and order for interpleader of funds and for discharge and dismissal

16   of plaintiff (#16), and plaintiff filed the instant motion for order setting scheduling conference (#18).

17   On May 15, 2012, the court signed the parties stipulation, ordering that (1) "MetLife shall pay into the

18   Registry of the Court account the sum of $66,000 representing the life insurance benefit payable as a

19   consequence of the death of Elaine Ann Lentino, plus any applicable interest," and (2) "MetLife shall

20   be dismissed with prejudice from this action, and the Defendants shall be enjoined and restrained from

21   instituting any action or proceeding in any state or United States court against MetLife for the life

22   insurance benefits, plus any applicable interest, payable as a consequence of the death of Elaine Ann

23   Lentino, and MetLife, International Game Technology, and the International Game Technology

24   Employee Benefit Welfare Plan are discharged from any further liability to Defendants, upon Metlife's

25   payment of the life insurance benefits, plus any applicable interest, into the Registry of this Court."

26

1  (#19).

2      On May 30, 2012, defendants filed a supplement to the discovery plan, stating that initial

3  disclosures and discovery are not required because the parties have settled, and that "[a]ll funds held

4  in this interpleader action should be released to the Defendants following their Motion for Summary

5  Judgment to release funds, to be filed with this Court."  (#20).

6  **Motion For Order Setting Scheduling Conference**

7      Pursuant to Local Rule 22-2, "[i]n all interpleader actions, the Plaintiff must file a motion

8  requesting that the Court set a scheduling conference. The motion must be filed within thirty (30) days

9  after the first defendant answers or otherwise appears.  At the scheduling conference, the Plaintiff will

10 advise the Court as to the status of service on all defendants who have not appeared. In addition, the

11 Court and parties will develop a briefing schedule or discovery plan and scheduling order for resolving

12 the parties' competing claims." "In all interpleader actions, no discharge will be granted and no plaintiff

13 will be dismissed prior to the scheduling conference provided for in Local Rule 22-2."  LR 22-1.

14     Defendants filed their answer on April 13, 2012.  (#14).  As plaintiff filed the instant motion

15 (#18) on May 14, 2012, the motion was timely filed.  *See* LR 22-2.  In the motion, plaintiff asserts that

16 all of the defendants have been served, and that the parties stipulated that the plaintiff be dismissed and

17 discharged from the action.  (#18).  Plaintiff also asserts that it believes that the defendants "will be

18 stipulating among themselves regarding the distribution of the funds to be deposited with the Registry

19 of the Court." *Id.*

20     As the plaintiff has been dismissed from the action (#19) and the defendants submitted to the

21 court that initial disclosures and discovery are not required because the parties reached a settlement

22 (#20), the court finds that setting a scheduling conference is not necessary.  Since the defendants stated

23 that they intend on filing a motion for summary judgment, the court will set a deadline in which to do

24 so.

25     Accordingly, and for good cause shown,

26

2

IT IS ORDERED that plaintiff Metropolitan Life Insurance Company's Motion for Order Setting Scheduling Conference (#18) is DENIED as unnecessary.

IT IS FURTHER ORDERED that the deadline for defendants to file a motion for summary judgment is June 29, 2012.

DATED this 13th day of June, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**